**UNITED STATES of America**

**v.**

**Michael Joseph MARTORELLA, Anthony Joseph Martorella, Mark Martorella, Harry Martorella, James Martorella, Joseph Gabriael Sunseri, David Peter Johns, Richard Allen Johns, and Frank Joseph Suley.**

**Crim. No. 77–189.**

United States District Court,
W. D. Pennsylvania.

Aug. 21, 1978.

James K. O'Malley, John L. Doherty, Carl M. Janavitz, Joseph G. Kanfoush, Wendell G. Freeland, Pittsburgh, Pa., for defendants.

J. Alan Johnson, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

OPINION

ZIEGLER, District Judge.

I. *History of Case*

Defendants were indicted on August 17, 1977, for alleged participation in a conspiracy involving an illegal gambling enterprise. 18 U.S.C. §§ 371 and 1955 (1970). The matter presently before the court is defendants' motions to suppress evidence obtained as the result of wire interceptions conducted pursuant to orders of this court dated January 8 and February 6, 1975.

The orders were issued pursuant to 18 U.S.C. § 2518 (1970). Defendants' motions relate, in part, to Section 2518(1)(e) of that Act which provides:

"(1) Each application for an order authorizing or approving the interception of a wire or oral communication shall be made in writing upon oath or affirmation to a judge of competent jurisdiction and shall state the applicant's authority to make such application. Each application shall include the following information:

. . .

(e) a full and complete statement of the facts concerning all previous applications known to the individual authorizing and making the application, made to any judge for authorization to intercept, or for approval of interceptions of, wire or oral

communications involving any of the same persons, facilities or places specified in the application, and the action taken by the judge on each such application; and"

The instant application itemized numerous prior applications involving the "same persons, facilities or places." Defendants contend, however, the application violated applicable statutory standards because: (1) it failed to include a 1971 application to tap the telephones of William Cihal and (2) failed to disclose that conversations of defendants were intercepted during those taps. The Cihal wiretaps produced evidence leading to the indictment and conviction of Anthony and Michael Martorella, defendants herein, at a separate indictment. That judgment was affirmed without opinion by the Court of Appeals at 565 F.2d 152 (3d Cir. 1977).

█ The issue here presented can be stated thusly: Does Section 2518(1)(e) require that an application for an order to intercept wire or oral communications include the disclosure that conversations with the subject have been previously monitored in a judicially authorized wiretap of another person, place or facility?

After a full evidentiary hearing on July 12, 1978, and after full consideration of defendants' brief, we hold that Section 2518(1)(e) does not require the government to disclose prior interceptions involving the subject of the tap. Judicial approbation is predicated upon the disclosure of previous applications of the same person, place, or facility, and we decline to rewrite the Act to encompass the term "interceptions."

The government contends the question was resolved by the judgment order of the Third Circuit in the case of *United States v. Esposto,* 565 F.2d 153 (3d Cir. 1977). We are inclined to agree; however, it is difficult to discern from that order whether this precise issue was presented to the Court of Appeals. Under the circumstances, we will articulate our grasp of the problem.

## II. *Discussion*

Any discussion of the question must begin with the case of *United States v. Bello-* *si,* 163 U.S.App.D.C. 273, 501 F.2d 833 (1974). In *Bellosi,* the defendant was the subject of a previous authorized wiretap in connection with an unrelated investigation. In its application to the court, the government failed to disclose the previous application, contending that disclosure was not required since it related to an investigation separate from the gambling investigation at bar. The court rejected the argument noting that Section 2518(1)(e) prescribed "stringent conditions" with which the government must comply before conducting an interception of wire or oral communications. *United States v. Bellosi,* supra, 163 U.S.App.D.C. at 280, 501 F.2d at 840.

In the course of its analysis, the court discussed the distinction between prior interceptions and prior applications. The court explained:

"Congress may have required disclosure of all previous *applications,* instead of all prior *interceptions,* to avoid unduly burdening the Government and to avoid an ambiguity which inheres in the latter word and which is not clearly resolved by its use elsewhere in the statute. *Wire interceptions* could refer to continuing wiretaps on particular telephones for particular periods of time; however, the term could also refer to individual intercepted telephone conversations. If the word *interception* had been used in § 2518(1)(e) and if it were given the latter interpretation, the Government would have had the substantial burden of informing the judge from whom an authorization was sought of each individual conversation which had been previously intercepted using the same facilities or places or involving the same person; for example, there were apparently several hundred conversations intercepted by the Jet Liquor Store wiretap. Such disclosure in many cases is unnecessary. Given the judge's supplemental inquiry power under § 2518(2), in cases where the judge finds that additional information concerning prior applications is needed to act on the pending one, he can order the

Government to produce it." 163 U.S.App. D.C. at 279, 501 F.2d at 839 n. 13 (emphasis original).

This reasoning was followed in *United States v. Florea,* 541 F.2d 568 (6th Cir. 1976), where the court was faced with a factual situation similar to the instant case. In *Florea,* the defendant argued the government transgressed the disclosure requirements of § 2518(1)(e) because it failed to incorporate a statement of facts concerning previous wire interceptions involving the defendant. Noting that neither the defendant, his residence, nor phone numbers were listed in the previous application or order, the court rejected the argument. The court observed:

"The language of § 2518(1)(e) does not require disclosure of information about prior *interceptions,* but only of information about prior *applications." Id.* at 576 (emphasis original).

*Accord, United States v. Chiarizio,* 388 F.Supp. 858, 874 (D.Conn.1975).[1] We concur with the authorities discussed above and, therefore, defendants initial contention must be rejected.

Defendants next argue that the failure of the government to advise the court of prior interceptions circumvents the supplemental inquiry section of Title III because it frustrates the court's opportunity to make an appropriate inquiry. The relevant section provides:

"The Judge may require the applicant to furnish additional testimony or documentary evidence in support of the application." 18 U.S.C. § 2518(2).

In essence, defendants argue that, unless the government discloses all prior interceptions, the court is unable to render an informed judgment as to the need for additional testimony. In support of this argument, defendants direct our attention to *United States v. Donovan,* 429 U.S. 413, 97 S.Ct. 658, 50 L.Ed.2d 652 (1977). *Donovan* involved, among other things, an interpretation of § 2518(8)(d) of the Act. That

section requires an issuing court to cause an inventory to be served on the persons named in the order or application, which gives: (1) notice of the entry of the order or application; (2) the disposition thereof; and (3) an indication of whether communications have been intercepted. The statute also empowers the court to require a similar notice to other parties to intercepted communications if it concludes such action serves the interests of justice. *Id.* § 2518(8)(d). The Supreme Court rejected the government's contention that it was not required, under this provision, to classify all intercepted conversations and transmit that information to the district court. The Court explicated that disclosure of such information was needed for the court to adequately exercise the discretion afforded it by the statute. Without this information, the district court would be unable to determine whether an inventory notice was required for persons not specifically named in the order. *Id.* at 430–431, 97 S.Ct. 658.

Defendants here contend the situation in the instant case is analogous. They argue that, without disclosure of prior interceptions, the court cannot properly exercise its prerogative to order additional information in support of the application. As such, defendants urge that a disclosure requirement be read into § 2518(2), similar to § 2518(8)(d), as established by *Donovan.*

Defendants' argument is vacuous. To read a disclosure requirement of all prior interceptions into § 2518(2), would render superfluous the language of § 2518(1)(e), which mandates disclosure of prior applications only. Moreover, if the district court is dissatisfied with the information from which to adjudge the government's application, § 2518(2) authorizes a directive that such information be furnished. This includes, if necessary, disclosure of all prior interceptions involving the subject of the application. We perceive no basis for the interception of § 2518(2) as urged by defendants.

1. (". . . § 2518(1)(e) does not require disclosure of all conversations intercepted during the course of prior interceptions, but rather only facts regarding 'previous applications known to the individual authorizing and making the application.' ")

It should also be noted that, even if this court accepts defendants' interpretation of either § 2518(1)(e) or § 2518(2), suppression of the evidence does not necessarily follow. The availability of a suppression remedy for alleged statutory violations, as opposed to constitutional transgressions, turns on the provisions of Title III rather than the judicially created exclusionary rule. *United States v. Donovan,* 429 U.S. 413, 432–433 n. 22, 97 S.Ct. 658, 50 L.Ed.2d 652 (1977); *United States v. Giordano,* 416 U.S. 505, 524, 94 S.Ct. 1820, 40 L.Ed.2d 341 (1974).

The circumstances which trigger suppression are enumerated in § 2518(10)(a) of the Act. Thus, although the Court in *Donovan* held that failure to disclose the class of persons whose conversations were intercepted violated § 2518(8)(d), suppression was inappropriate since nothing in the Act, or legislative history, suggested that conversations are "unlawfully intercepted" whenever parties to those conversations do not receive a discretionary inventory notice due to the government's failure to inform the court of their identities. *Id.* 429 U.S. at 438, 97 S.Ct. 658.

Since we reject defendants' interpretation of §§ 2518(1)(e) and 2518(2), we need not decide whether a violation of the type alleged by defendants would warrant invoking an exclusionary remedy.

In summary, we hold that the applications submitted by the government for an order authorizing the interception of wire communications complied with § 2518(1)(e) and § 2518(2) of the Act. Defendants' motion to suppress must be denied.